FILED

2004 APR 29 P 2: 46

U.S. DISTRICT COURT
BRIDGEPORT CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPH BOOKLESS
PLAINTIFF

CIVIL ACTION NO. 3:03cv123(WWE)

v.

RANDY IRELAND, JERRY SCULLY,
BART DEELEY and RAYMOND WALSH     April 23, 2004
DEFENDANTS

## MOTION FOR APPOINTMENT OF COUNSEL

The Plaintiff respectfully moves this Court to appoint counsel to assist in the above captioned matter. Plaintiff would ask the Court to consider the following; Plaintiff previously filed for appointment of counsel, forwarding the Court letters from counsel who declined to represent him. This Court directed the Plaintiff to contact ILAP asking them for assistance. After numerous letters Plaintiff received an answer, a copy of which is enclosed with this Motion. Due to their contract, ILAP is limited to providing assistance in cases involving conditions of confinement.

Plaintiff has made every effort in an attempt to find counsel to assist in this matter. Plaintiff is at a distinct disadvantage in regards to deposing potential witnesses and gathering pertinent documents. Plaintiff has been disadvantaged by his status as an incarcerated prisoner. The Discovery process is now ongoing and Plaintiff would be less disadvantaged with the assistance of court-appointed counsel.

In light of the foregoing, and with the fact the Plaintiff's due process rights would be severely infringed, Plaintiff would request that his Motion for Appointment of Counsel be granted.

                                    RESPECTFULLY SUBMITTED,

                                    _Joseph Bookless_
                                    JOSEPH BOOKLESS
                                    PLAINTIFF

CERTIFICATION

I hereby certify that a copy of the foregoing, Motion for Appointment of Counsel, has been sent via U.S. Mail, postage prepaid, to the following counsel of record, this 23rd day of April 2004:

Matthew Freimuth
Updike, Kelly & Spellacy, P.C.
One State St., P.O. Box 231277
Hartford, CT. 06123-1277

By: *Joseph Bookless*
Joseph Bookless
Plaintiff

LAW OFFICES
OF
SYDNEY T. SCHULMAN

Administrative Director
Sydney T. Schulman, Esq.

Managing Attorney
Jane Starkowski

INMATES' LEGAL ASSISTANCE PROGRAM

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Jenna M. Edmundson

April 14, 2004

Joseph Bookless
#13115
MacDougall C.I.
1153 East Street South
Suffield, CT 06078

Dear Mr. Bookless:

I am writing in response to your letter to Inmates' Legal Assistance Program (ILAP), which was received at ILAP on April 13, 2004. In your letter, you request legal assistance with filing suit against police officers based on your allegations of excessive force.

Pursuant to the recently revised contract between ILAP and the State of Connecticut, this office is limited to providing advice as to process and procedure, as well as on the preparation of documents, in cases involving conditions of confinement only. Thus, effective September 1, 2003, ILAP will no longer provide assistance or advice on any civil matter not related to the conditions of confinement. Where ILAP has assisted an inmate with a non-conditions of confinement case prior to September 1, 2003, we will continue to do so until the matter is concluded.

As stated in Jenkins v. Haubert, 179 F.3d 19, 28 (2$^d$ Cir. 1999)(internal citations omitted):

> "Conditions of confinement" is not a term of art; it has a plain meaning. It quite simply encompasses all conditions under which a prisoner is confined for his term of imprisonment. These include terms of disciplinary or administrative segregation such as keeplock or solitary confinement, as well as more general conditions affecting a prisoner's quality of life such as: the revocation of telephone or mail privileges or the right to purchase items otherwise available to prisoners; and the deprivation of exercise, medical care, adequate food and shelter, and other conditions that, if improperly imposed, could violate the Constitution.

Please note that the new terms of our contract also preclude ILAP from providing case law and other materials to inmates when an ILAP attorney has not determined that a *prima facie* case exists. As before, ILAP can only provide advice and assistance when a *prima facie* case can be made against the defendant or defendants. Black's Law Dictionary defines a *prima facie* case as follows:

A *prima facie* case consists of sufficient evidence in the type of case to get plaintiff past a motion for a directed verdict in a jury case or a motion to dismiss in a nonjury case; it is evidence necessary to require the defendant to proceed with his case.

In other words, you need to present evidence that is sufficient to require the defendant to proceed with the case. If the facts of your claim do not support a *prima facie* case, this office is both ethically and contractually precluded from assisting you in the matter.

However, since your allegations do not involve conditions of confinement, our office is precluded from assisting you with this matter.

Should you require future assistance with a civil legal matter dealing with terms and conditions of confinement, please do not hesitate to contact ILAP at the above-referenced address.

Very truly yours,

Michael A. Rubino, Jr.

MAR/ms