UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSPEPH J. BOOKLESS ) | CIVIL ACTION NO. 3:03CV123 (WWE) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| RANDY IRELAND, JERRY SCULLY, ) | |
| BART DEELEY, AND ) | |
| RAYMOND WALSH ) | |
| ) | |
| Defendants. ) | |
| ) | SEPTEMBER 14, 2004 |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56, the defendants Randy Ireland, Jerry Scully, Bart Deeley, and Raymond Walsh respectfully move for summary judgment on the plaintiff's entire Amended Complaint, based upon the undisputed facts, the doctrine of collateral estoppel, and the doctrines of qualified and governmental immunity. As is more fully set forth in the accompanying Memorandum of Law, Statement of Undisputed Facts, and supporting documents, the defendants are entitled to judgment as a matter of law on the plaintiff's Amended Complaint because, based on the plaintiff's conviction on the charge of interfering with an officer in violation of Connecticut General Statutes § 53a-167a, no reasonable jury could conclude that the plaintiff was subjected to excessive force in connection with his arrest on May 22, 2000. In addition,

374179

the plaintiff's conviction in Connecticut Superior Court on that charge precludes his recovery on an excessive force theory, under the facts of this case, because to allow otherwise would run afoul of the holding of Heck v. Humphrey, 512 U.S. 477, 487 (1994).

**WHEREFORE**, the defendants respectfully request summary judgment on the plaintiff's entire Amended Complaint.

RESPECTFULLY SUBMITTED,

DEFENDANTS,
RANDY IRELAND, JERRY SCULLY,
BART DEELY, AND RAYMOND WALSH

By: _/s/_____
JAMES N. TALLBERG, ESQ.
Federal Bar Number Ct17489
UPDIKE, KELLY & SPELLACY, P.C.
One State St., P.O. Box 231277
Hartford, CT 06123-1277
Tel. No. (860) 548-2600
jtallberg@uks.com

374179

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed in the United States mail, First Class, postage prepaid this 14th day of September 2004, to the following:

Joseph J. Bookless
c/o MacDougall Correctional Institute
1153 East Street South
Suffield, CT 06080

By: _____
JAMES N. TALLBERG, ESQ
UPDIKE, KELLY & SPELLACY, P.C.

374179

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSPEPH J. BOOKLESS ) | CIVIL ACTION NO. 3:03CV123 (WWE) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| RANDY IRELAND, JERRY SCULLY, ) | |
| BART DEELEY, AND ) | |
| RAYMOND WALSH ) | |
| ) | |
| Defendants. ) | |
| _____ ) | SEPTEMBER 14, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56(c), the defendants Randy Ireland, Jerry Scully, Bart Deeley, and Raymond Walsh respectfully submit this memorandum of law in support of their Motion for Summary Judgment.

**I.      INTRODUCTION**

The plaintiff Joseph J. Bookless has alleged that he was subjected to excessive force in connection with his arrest by the defendants on May 22, 2000. Although claims of excessive force are often not amenable to resolution by summary judgment, this case presents a narrow question of law that should be decided before trial. Namely, because the plaintiff was convicted on a charge of interfering with an officer, which includes as an element an intentional obstruction, resistance or

374179

endangerment of a police officer by the accused, the plaintiff should be precluded from recovering on a theory of excessive force. The Second Circuit Court of Appeals has held that such cases should be considered on a case by case basis, with a "detailed examination of the record in the prior state criminal case, including the pleadings, the evidence submitted and the jury instructions." Sullivan v. Gagnier, 225 F.3d 161, 166 (2d Cir. 2000).

In accordance with Sullivan, the defendants respectfully submit as Exhibits 1 through 3 the record from the underlying criminal action in which the plaintiff was convicted of interfering with an officer. The defendants further request that, based upon the undisputed facts developed in the criminal case, and the doctrines of collateral estoppel and qualified and governmental immunity, summary judgment should be granted in their favor.

## II.  FACTUAL BACKGROUND

### A.  The Plaintiff's Armed Robbery of Anna Dante's Restaurant on May 22, 2000

On May 22, 2000, the defendants were all sworn members of the Naugatuck Police Department. Amended Complaint, ¶ 3; Answer, ¶ 3. On that date, plaintiff Joseph J. Bookless was charged with robbery in the first degree in violation of Connecticut General Statutes §53a-134 and interfering with an officer in violation of Connecticut General Statutes §53a-167a. State v. Bookless, 82 Conn. App. 216, 218 (2004), *cert. denied* 269 Conn. 903 (2004), attached as Exhibit 1.

The plaintiff's arrest was "as a result of the robbery of a store and the ensuing struggle with police officers." Bookless, 82 Conn. App. at 218.

The plaintiff was addicted to heroin on the date of his arrest and had robbed cash from Anne Dante's Restaurant, on North Main Street, Naugatuck, Connecticut, to support his drug habit. See Trial Transcript, State v. Bookless of 5/1/02, at 100-101, attached as Exhibit 2. When he was arrested, the plaintiff was carrying a box cutter with a single edge razor blade on it. Id. at 88.

### B.     The Plaintiff's Trial and Conviction for Interfering with an Officer

On May 1, 2002, the plaintiff was tried before a jury in the Superior Court for the Judicial District of Waterbury. Trial Transcript (Exhibit 2). Both the plaintiff and Lt. Jerry Scully testified.[1] Id. at 56, 98. Lt. Scully testified that the plaintiff ran from him, struggled with him, and that it took several officers to subdue him. Id. at 61-67. Lt. Scully further testified that the plaintiff "was trying to get into his waistband. At one point he pushed up on the right, so I pushed up and away, and I unholstered my weapon, and Officer Deeley sent in his canine." Id. at 66. Lt. Scully further testified that it took five officers and a canine to bring the plaintiff under control because "we had to overcome the resistance that he was giving us." Id. at 81. Lt. Scully further testified that the plaintiff had an injured ankle, but they were unable to determine whether that injury was sustained

---

[1] Other witnesses testified, but their testimony is not relevant to the claims at issue here.

374179

3

during the struggle with police, from Mr. Bookless running from the police, or whether it was a preexisting injury. Id. at 87.[2]

On May 1, 2002, on the charge of interfering with an officer, the jury was instructed that, "a person is guilty of interfering with an officer when he resists or endangers any peace officer in the performance of his duties." Id. at 151. The jury was also instructed that, "for you to find the defendant guilty of that charge, the state must prove the following elements beyond a reasonable doubt: that the defendant resisted or endangered a peace officer; that the conduct of the defendant occurred while the peace officer was in the performance of his duties. That was number two. And three, that the defendant intended to resist or endanger a peace officer while the officer was in the performance of his duties." Id. at 151-152. The jury was also instructed that, "'resisting' . . . means to oppose, quote, direct active force or quasi forcible means, and 'endanger' which means to expose to danger or harm." Id. at 152.

On May 1, 2002, a jury convicted the plaintiff on both charges. Id. at 160. On June 12, 2002, the plaintiff was sentenced to a period of 25 years on the robbery charge, with a one year concurrent sentence on the interfering charge. See Sentencing Transcript of 6/12/02 at 6-7, attached as Exhibit 3.

---

[2] The plaintiff also sustained dog bite injuries as a result of his resisting arrest and interfering. Trial Transcript at 87.

374179

4

### C. The Plaintiff's Claims

The operative pleading is plaintiff's Amended Complaint, dated February 1, 2003. The plaintiff alleges in his complaint that, "[o]n the afternoon of May 21, 2000, Defendant Scully attempted to stop the Plaintiff on Spring Street in Naugatuck. Plaintiff initially ran across Spring Street then stopped and lay face down on the ground." Amended Complaint, ¶6.[3] The plaintiff claims that, while he lay prone without resistance, he was subjected to excessive force by the defendants. Id., ¶¶6-9. Plaintiff alleges injuries including a fractured ankle and dog bites from a police canine. Id. These claims cannot be reconciled with the testimony at the criminal trial on the charge against the plaintiff for interfering with an officer and a finding in the plaintiff's favor in this case is precluded because it would necessarily imply the invalidity of his conviction.

## III. LEGAL ARGUMENT

### A. Summary Judgment is Warranted

A motion for summary judgment should be granted if the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(c); see generally Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 202 (2d

---

[3] Plaintiff is apparently mistaken as the arrest date in all of the official records is May 22, 2000, not May 21.

374179

5

Cir. 1995). The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment. Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970); Cronin, 46 F.3d at 202.

The Second Circuit has ruled, "mere conjecture or speculation by the party resisting summary judgment does not provide a basis upon which to deny the motion." Quarles v. General Motors Corp., 758 F.2d 839, 840 (2d Cir. 1985). Instead, *"the plaintiff must offer concrete evidence raising genuine disputes of material fact tending to show that his version of events is more than fanciful."* Johnson v. Carpenter Technology Corp., 723 F. Supp. 180, 182 (D. Conn. 1989) (emphasis added). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

There are no genuine issues of fact regarding the plaintiff's claims against the defendants. The evidence submitted with this Motion establishes that they are entitled to judgment as a matter of law on the Complaint.

**B.    The Plaintiff Cannot Establish a Violation of 42 U.S.C. §1983**

Section 1983 of Title 42 of the United States Code "provides a remedy for deprivations of rights secured by the Constitutions and laws of the United States . . . " Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982). In order to state a claim upon which relief can be granted pursuant to 42 U.S.C. §1983, a plaintiff "must allege (1) that the challenged conduct was attributable at least

374179

in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Dwares v. City of New York, 985 F.2d 94, 98 (2d Cir. 1993). In addition, a plaintiff must demonstrate that his injuries were proximately caused by the defendants' violation of law. See Atkins v. New York City, 143 F.3d 100, 103 (2d Cir. 1998). Based on the undisputed facts, the plaintiff cannot establish that he was denied a right, privilege or immunity secured by the Constitution or laws of the United States.

### C. The Plaintiff Cannot Recover Against the Defendants for Excessive Force

The Supreme Court has squarely decided that the only source of constitutional protection against alleged claims of excessive force is the Fourth Amendment. See Graham v. Connor, 490 U.S. 386 (1988); see also Hughes v. City of Hartford, 96 F. Supp. 2d 114, 115, n.2 (D. Conn. 2000) (plaintiff withdrew Fourteenth Amendment claim in the face of Motion to Dismiss). The Supreme Court recently affirmed that, "[w]here the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." Saucier v. Katz, 533 U.S. 194, 199 (2001). "Qualified immunity is 'an entitlement not to stand trial or face the burdens of litigation.'" Id. (quoting Michell v. Forsyth, 472 U.S. 511, 526 (1985). "The privilege is an immunity from suit rather than a mere defense to liability; and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to

trial...As a result, we repeatedly have stressed the importance of resolving immunity questions at the earliest stage in litigation." Id. (internal quotations omitted);

"To establish an excessive force claim, plaintiff must show that the force used by the officers, in light of the facts and circumstances confronting them, was unreasonable." Williams v. Lopes, 64 F. Supp. 2d 37, 43 (D. Conn. 1999); see Finnegan v. Fountain, 915 F.2d 817, 823 (2d Cir. 1990). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396. In particular,

> The calculus of reasonableness must embody allowance for the fact that <u>police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving</u> – about the amount of force that is necessary in a particular situation. As in other Fourth Amendment contexts, however, the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

Id. at 396-97 (emphasis added).

### 1. The Plaintiff's Excessive Force Claim Should be Precluded by His Conviction for Interfering with an Officer

In <u>Sullivan</u>, the Court held that the District Court erred when it precluded a plaintiff's claim of excessive force based on a prior conviction for resisting arrest, but found that the error was harmless. <u>Sullivan</u>, 225 F.3d at 166. Nonetheless, in reaching its decision the Court collected cases that have dealt with this issue and, therefore, <u>Sullivan</u> provides guidance in reviewing the collateral estoppel effect of a conviction for resisting or interfering with an officer. <u>Id.</u> at 165. In sum, <u>Sullivan</u> left open the possibility that, based on the right set of facts, a conviction for resisting or interfering could bar a subsequent excessive force claim. <u>Id.</u> In particular, the Court held that:

> A claim of excessive force would not be precluded by the plaintiff's prior convictions for resisting arrest and harassment unless facts actually determined in his criminal conviction that were necessary to the judgment or conviction are incompatible with the claim of excessive force being raised in a subsequent civil suit.

<u>Sullivan</u>, 225 F.3d at 166.

Here, plaintiff was convicted of violating Connecticut General Statutes §53a-167a, which provides that:

> (a) A person is guilty of interfering with an officer when such person obstructs, resists, hinders or endangers any peace officer or firefighter in the performance of such peace officer's or firefighter's duties.

Conn. Gen. Stat. §53a-167a.

374179

9

The Court in the criminal trial instructed the jury that the State had to prove that, "the defendant (Mr. Bookless) intended to resist or endanger a peace officer while the officer was in the performance of his duties." Trial Transcript at 151-152. The jury was also instructed that, "'resisting' . . . means to oppose, quote, direct active force or quasi forcible means, and 'endanger' which means to expose to danger or harm." Id. at 152. The jury heard testimony from Lt. Scully that the plaintiff ran from him, resisted his efforts to take him into custody, struggled with him, and that it took five officers and a canine to subdue the plaintiff. Id. at 61-67. The plaintiff testified, admitting that he robbed a store to get cash for his drug habit, but denying that he brandished a knife. Id. at 87-88. Although given an opportunity at trial, plaintiff offered no evidence to contradict Lt. Scully's testimony that he had resisted arrest. Id. As a result, he was convicted of interfering with an officer and a year was added to his sentence. See Sentencing Transcript of 6/12/02 at 6-7 (Exhibit 3).

Based on these facts, no reasonable jury could find that the plaintiff was subjected to excessive force. To the contrary, it has already been conclusively established by the plaintiff's conviction that the plaintiff interfered with the defendant police officers' performance of their duties. See Conn. Gen. Stat. §53a-167a. To allow the plaintiff to proceed on his excessive force claim, based on these undisputed facts, would violate the prohibition in Heck v. Humphrey, 512 U.S. 477, 487 (1994), which requires that, "[w]hen a state prisoner seeks damages in a §1983 suit,

374179

10

the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." A judgment in the federal court that the plaintiff was subjected to excessive force, on this record, would necessarily imply that the plaintiff's state court conviction for interfering with an officer is in error. The two cannot be reconciled. Therefore, under principles of collateral estoppel, the plaintiff should be precluded from pursuing his excessive force claim.

        2.       **The Plaintiff Should Be Precluded By the Doctrine of Collateral Estoppel**

"[C]ollateral estoppel, or issue preclusion, 'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated by the same parties in a future lawsuit.' Schiro v. Farley, 510 U.S. 222, 232, 114 S. Ct. 783, 127 L. Ed. 2d 47 (1994)." Flaherty v. Lang, 199 F.3d at 613. Under the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. at 94; Montana v. United States, 440 U.S. at 153.

"Collateral estoppel bars a party from raising an issue of law or fact in a second suit that the party had a 'full and fair opportunity to litigate . . . in [a] prior proceeding' and where 'the decision of the issue was necessary to support a valid and final judgment on the merits' in the first action. Metromedia Co. v. Fugazy, 983 F.2d 350, 365 (2d Cir. 1992)." Irish Lesbian & Gay Organization

v. Giuliani, 143 F.3d 638, 644 (1998). Collateral estoppel applies "when (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." New York v. Julius Nasso Concrete Corp., 202 F.3d 82, 86 (2d Cir. 2000); Flaherty v. Lang, 199 F.3d at 613; United States v. Hussein, 178 F.3d 125, 129 (2d Cir.1999); NLRB v. Thalbo Corp., 171 F.3d 102, 109 (2d Cir.1999).

As demonstrated above, all of the elements of collateral estoppel have been met by the plaintiff's prior conviction. The plaintiff's interference and resistance with Lt. Scully's efforts to bring him into custody form the common nucleus of facts that also support the plaintiff's excessive force claim. See Trial Transcript at 61-67. That issue was fully and fairly litigated in the criminal trial and the jury was instructed regarding the elements of the crime. Id. at 151-152. The plaintiff's intentional resistance and interference was a necessary element for his conviction, and it is also the factual predicate that gave the officers the right to use that force that was reasonable and necessary to take the plaintiff into custody following his armed robbery. Id. at 151-152; see also Graham v. Connor, 490 U.S. at 396-97. Therefore, the defendants are entitled to summary judgment on the purported excessive force claim. Graham, 490 U.S. at 397.

### D. The Defendants Are Entitled to Qualified Immunity

Even if the plaintiff has stated a claim that his rights were violated, a proposition that the defendants dispute, they are still entitled to qualified immunity. The qualified immunity defense protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Connell v. Signoracci, 153 F.3d 74, 80 (2d Cir. 1998) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). As such, "qualified immunity is an entitlement not to stand trial or face the burdens of litigation." Id. (internal quotations omitted); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). "The doctrine protects public officials from personally facing the risk of incurring ruinous liability in the form of money damages, which would deter qualified people from public service. It also safeguards the public interest in having its employees act with independence and without fear of consequences." Eng v. Coughlin, 858 F.2d 889, 895 (2d Cir. 1988) (internal quotation and citation omitted).

"Because the defense of qualified immunity is designed to relieve government officials of the burdens of litigation as well as the threat of damages, *summary judgment is encouraged as a device for disposing of claims barred by such immunity*." In Re State Police Litigation, 88 F.3d 111, 123 (2d Cir. 1996) (emphasis added); see also Harlow, 457 U.S. at 818; Behrens v. Pelletier, 516 U.S. 299, 308 (1996); Lee, 136 F.3d at 101; Cartier v. Lussier, 955 F.2d 841, 844 (2d Cir.

374179

1992). To establish this defense at the summary judgment stage, "the officers must show upon facts that are undisputed either that their conduct did not violate 'clearly established rights' of which a reasonable person would have known, or that it was objectively reasonable to believe that their acts did not violate those clearly established rights." Soares v. State of Connecticut, 8 F.3d 917, 920 (2d Cir. 1993) (internal quotations omitted). A defendant is entitled to summary judgment when "no reasonable jury looking at the evidence in the light most favorable to, and drawing all inferences most favorable to, the plaintiffs, could conclude that is was objectively unreasonable for the defendant to believe that he was acting in a manner that did not clearly violate an established right." Lennon v. Miller, 66 F.3d 416, 420 (2d Cir. 1995) (quoting Robinson v. Via, 821 F.2d 913, 921 (2d Cir. 1987)).

    The defense of qualified immunity shields a police officer from liability for damages on account of his performance of discretionary official functions if (a) the officer's actions did not violate clearly established law, or (b) it was objectively unreasonable for the officer to believe that his actions did not violate such law. See Anderson v. Creighton, 483 U.S. 635, 641 (1987). Accordingly, the first step in evaluating a qualified immunity defense is to determine whether the plaintiff has alleged a deprivation of a constitutional right at all. See Connell, 153 F.3d at 80. Only if the plaintiff has sufficiently alleged a constitutional violation is it necessary to determine whether the officer, or officers of reasonable competence, believed his actions violated plaintiff's rights.

Malloy v. Briggs, 475 U.S. 335, 341 (1986). "Generally, an officer's actions are considered objectively unreasonable when no officer of reasonable competence could have made the same choice in similar circumstances." Williams v. Lopes, 64 F. Supp. 2d 37 (D. Conn. 1999) (quotations omitted). Simply stated, the test for qualified immunity is an objective one. See Reese v. Garcia, 115 F. Supp. 2d 284, 295 (D. Conn. 2000).

### 1.     The Defendants' Conduct was Objectively Reasonable

In this case, it was objectively reasonable for the defendants to use a minimal amount of force required to take a plaintiff into custody after his armed robbery. When Lt. Scully came upon the plaintiff he ran. Trial Transcript at 61-67. After causing Lt. Scully to give chase, the plaintiff struggled with him and it ultimately took several officers and a canine to subdue the plaintiff. Id. at 81. Based on the totality of the circumstances, and since not every push or shove gives rise to a claim for excessive force, the defendants are entitled to be protected by the doctrine of qualified immunity. See Saucier v. Katz, 533 U.S. at 209.

Based upon these undisputed facts, reasonable officers could easily conclude that they had not only a right, but a duty to take the plaintiff into custody by use of force. At the very least, reasonable officers could disagree about how to proceed. Therefore, based on these undisputed facts, the defendants are entitled to qualified immunity and summary judgment.

## IV. **CONCLUSION**

The plaintiff, due to his armed robbery and subsequent flight and resistance, is responsible for his own predicament. No reasonable jury could find for him and he should not be allowed to proceed further on his excessive force claim.

WHEREFORE, the defendants respectfully request that the Court grant their Motion for Summary Judgment.

                                          RESPECTFULLY SUBMITTED,

                                          DEFENDANTS,
                                          RANDY IRELAND, JERRY SCULLY,
                                          BART DEELY, AND RAYMOND WALSH

                                          By: _____
                                              JAMES N. TALLBERG, ESQ.
                                              Federal Bar Number Ct17489
                                              UPDIKE, KELLY & SPELLACY, P.C.
                                              One State St., P.O. Box 231277
                                              Hartford, CT 06123-1277
                                              Tel. No. (860) 548-2600
                                              jtallberg@uks.com

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed in the United States mail, First Class, postage prepaid this 14th day of September 2004, to the following:

Joseph J. Bookless
c/o MacDougall Correctional Institute
1153 East Street South
Suffield, CT 06080

By: _____
JAMES N. TALLBERG, ESQ
UPDIKE, KELLY & SPELLACY, P.C.

374179