UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSEPH BOOKLESS                       :
                                      :           PRISONER
     v.                               :  CASE NO. 3:03CV123(WWE)
                                      :
RANDY IRELAND, et al.[1]              :

MEMORANDUM OF DECISION

Plaintiff Joseph Bookless ("Bookless") is an inmate currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut.  Bookless commenced this action in state court and defendants removed the case to federal court.  Bookless alleges that defendants used excessive force in effecting his arrest.  Defendants have moved for summary judgment on the grounds that Bookless' claim is precluded by his conviction for interfering with a police officer and that they are entitled to qualified immunity.  For the reasons that follow, defendants' motion will be denied.

I.   Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of

---

[1]The named defendants are Randy Ireland, Jerry Scully, Bart Deeley and Raymond Walsh, all member of the Naugatuck, Connecticut, Police Department.

material fact in dispute and that it is entitled to judgment as a matter of law.  See Rule 56(c), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000).  A court must grant summary judgment "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . .'"  Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted).  A dispute regarding a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.) (quoting Anderson, 477 U.S. at 248), cert. denied, 506 U.S. 965 (1992).  After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must present "significant probative evidence to create a genuine issue of material fact."  Soto v. Meachum, Civ. No. B-90-270 (WWE), 1991 WL 218481, at *6 (D. Conn. Aug. 28, 1991).  A party may not rely "on mere speculation or conjecture as to the true

nature of the facts to overcome a motion for summary judgment." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986), cert. denied, 480 U.S. 932 (1987).

The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich, 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991). See also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992). A party may not create a genuine issue of material fact by presenting contradictory or unsupported statements. See Securities & Exchange Comm'n v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978). Nor may he rest on the "mere allegations or denials" contained in his pleadings. Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995). See also Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993) (holding that party may not rely on conclusory statements or an argument that the affidavits in support of the motion for summary judgment are not credible). A self-serving affidavit which reiterates the conclusory allegations of the complaint in affidavit form is insufficient to preclude summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990).

II. Facts[2]

In May 2000, defendants were members of the Naugatuck Police Department. On May 22, 2000, Bookless was arrested for robbery and interfering with a police officer. Defendant Scully testified at Bookless' criminal trial that he was at police headquarters when the 911 call came in. After learning that a robbery had occurred and obtaining a description of the robber, defendant Scully responded to the scene. En route, defendant Scully encountered Bookless.

Defendant Scully was the only witness testifying at trial regarding the interfering with a police officer charge. Defendant Scully testified that Bookless ran from him and struggled with him. Defendant Scully stated that it took five officers and use of a police dog to subdue Bookless. Defendant Scully acknowledged that Bookless suffered a fractured ankle, but denied knowing when the injury was sustained. He suggested that it may have been caused while Bookless was running or was a pre-existing injury. Defendant Scully also conceded that while Bookless was struggling to get up, he was telling the defendants that he was having difficulty breathing.

Bookless did not testify regarding the interfering charge.

---

[2] The facts are taken from defendants Local Rule 56(a)1 Statement [doc. #35-1] and Plaintiff's Statement of Disputed Factual Issues [doc. #45] as well as the exhibits filed by both parties.

In his declaration, Bookless states that after defendant Scully pointed his gun at him and told him to stop, he stopped running and dropped to the ground. Bookless states that he offered no resistance other than to try and lift his head from the ground because he had difficulty breathing. Bookless states that all defendants repeatedly punched and kicked him, defendant Ireland broke his ankle, defendants Walsh and Scully repeatedly punched him in the face when he tried to lift his head to breathe and, after he was handcuffed, defendants permitted the police dog to attack him.

At trial, the judge instructed the jury that the charge of interfering with a police officer involves resisting or endangering any peace officer. The judge defined resisting as opposing, using direct active force or quasi-forcible means and endangering as exposing the peace officer to harm or danger. Bookless was convicted of robbery and interfering with a police officer.

III. Discussion

Defendants move for summary judgment on the grounds that Bookless' excessive force claim is precluded by his conviction for interfering with a police officer and that they are protected by qualified immunity.

    A.   Prior Conviction

Defendants first argue that Bookless is collaterally

estopped from asserting a claim of use of excessive force. In addition, they contend that such a claim is barred by the holding in Heck v. Humphrey, 512 U.S. 477 (1994).

The doctrine of collateral estoppel "applies when (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." Epperson v. Entertainment Express, Inc., 242 F.3d 100, 108 (2d Cir. 2001) (quoting United States v. Hussein, 178 F.3d 125, 129 (2d Cir. 1999) (internal quotation marks and citation omitted)).

The mere fact that a person was convicted of resisting arrest, or interfering with a police officer, is insufficient to preclude a claim that police officers used excessive force. That a person resists arrest "justifies the officer's use of *some* degree of force, but it does not give the officer license to use force without limit." Sullivan v. Gagnier, 225 F.3d 161, 166 (2d Cir. 2000). An excessive force claim is precluded only if facts incompatible with a claim of excessive force actually were determined in the criminal case and were necessary to the judgment in that case. See id.

A claim that police officers used excessive force in the course of a seizure and arrest is judged by an objective test of

reasonableness based on the totality of the circumstances.  See Graham v. Conner, 490 U.S. 386, 396 (1989).  The court must consider "the specific facts of each case, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of others and whether he is actively resisting arrest."  Sullivan, 225 F.3d at 165; see also Hemphill v. Schott, 141 F.3d 412, 417 (2d Cir. 1998).  The court examines the record in the state criminal proceeding including the transcript, pleadings, evidence submitted and jury charge.  The party raising preclusion bears the burden of demonstrating that issues actually litigated and necessary to the judgment are inconsistent with a claim of use of excessive force.  See Sullivan, 225 F.3d at 166.

Although Bookless was found guilty of interfering with a police officer, there is no indication in the record of what issues were necessary to that judgment.  Connecticut General Statutes § 53a-167a(a) provides that "[a] person is guilty of interfering with an officer when such person obstructs, resists, hinders or endangers any peace officer or firefighter in the performance of such peace officer's or firefighter's duties."  For example, the jury could have found Bookless guilty of interfering with a police officer by running from Officer Scully.  See State v. Hampton, 66 Conn. App. 357, 375-76, 784 A.2d 444, 456 (holding that action of criminal defendant in ignoring police

officer's order to get down from window and show his hands, reentering building and fleeing through another window was sufficient to support conviction for interfering with police officer), cert. denied, 259 Conn. 901, 789 A.2d 992 (2001). Defendants have not met their burden of demonstrating that the extent of Bookless' resistance and the degree of force applied were actually decided by the jury in the state court and were necessary to the judgment. Thus, Bookless' excessive force claim is not necessarily precluded by his conviction for interfering with a police officer.

In Heck v. Humphrey, the Supreme Court determined that where a judgment in favor of the plaintiff would necessarily implicate the validity of the plaintiff's conviction or the length of his sentence, a cause of action under 42 U.S.C. § 1983 is not cognizable unless the plaintiff can show that his underlying "conviction or sentence had been reversed on direct appeal, declared invalid by a state tribunal authorized to make such a determination, or called into question by the issuance of a federal writ of habeas corpus." 512 U.S. at 487.

The court has determined, however, that Bookless' excessive force claim is not necessarily precluded by his conviction for interfering with a police officer. Because a claim that excessive force was used against him is not necessarily inconsistent with a conviction for interfering with a police

8

officer, defendants' argument that the claim is barred by the holding in Heck v. Humphrey necessarily fails.

B.   Qualified Immunity

Defendants also argue that their actions are protected by qualified immunity. They base their argument on their version of the facts, which they describe as undisputed. Bookless, however, has filed a detailed declaration in which he disputes defendants' version of the facts.

The doctrine of qualified immunity "shields government officials from liability for damages on account of their performance of discretionary official functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Rodriguez v. Phillips, 66 F.3d 470, 475 (2d Cir. 1995) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). To determine whether qualified immunity is warranted, the court first must address the question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2001).

> [I]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established. This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition.

Id.

The law regarding use of excessive force in effecting an arrest was clearly established in May 2000. Bookless must show that the amount of force used was objectively unreasonable, either as to when or how the force was applied, and that, as a result of the use of force, he suffered some compensable injury. See Graham, 490 U.S. at 396; Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir. 1996). Reasonableness is determines from the perspective of a reasonable police officer on the scene. See Graham, 490 U.S. at 396.

First, the court must determine if, taking the facts in the light most favorable to Bookless, the facts set forth a claim for use of excessive force. The record contains two diverse descriptions of the events, one in defendant Scully's testimony at the state criminal trial, the other in Bookless' declaration.

Defendants argue that Bookless was required to present objective evidence in opposition to the motion for summary judgment. Neither party has presented objective evidence regarding the use of force. Instead, each party has provided the sworn statement of one person. The court cannot assess the credibility of Bookless and defendant Scully or determine which description is more accurate. To determine whether defendants are entitled to qualified immunity, the court must consider Bookless' version of the events.

10

Bookless states that when defendant Scully pointed his gun ordered him to stop, he did so and dropped to the ground. Defendant Scully then sat on Bookless' back, pointed the gun at his head and ordered him not to move. Bookless did not resist. When other officers arrived, they began punching and kicking him. Bookless lifted his head from the ground because he had difficulty breathing. When he did so, defendants Scully and Walsh punched him in the face. Defendant Ireland bent Bookless' right foot inward fracturing his ankle. After Bookless was handcuffed, he was attacked by the police dog and suffered several bites. Bookless has filed pictures of the dog bite injuries to his arm and shoulder and bruises to his face. In addition, he has submitted a copy of an emergency room report showing that he was treated for a fractured ankle and dog bites following his arrest. The pictures and emergency room report suggest that more than minimal force was used. These allegations, if proven, would establish that defendants used excessive force against Bookless.

At the time of the incident, defendant Scully knew that Bookless met the description of the man who had committed a robbery a few minutes earlier. Although there was testimony at trial that Bookless was armed, defendants have presented no evidence that the 911 call, defendant Scully's only source of information, stated that Bookless was armed.

The court concludes that a reasonable police officer on the scene would have understood that the repeated punching and kicking of an individual who was offering no resistance and the use of a police dog to attach a suspect who was handcuffed and offering no resistance was unconstitutional.  Thus, qualified immunity is not warranted in this case.

IV.  Conclusion

The defendants' Motion for Summary Judgment [**doc. #35**] is **DENIED**.

**SO ORDERED** this 3rd day of March, 2005, at Bridgeport, Connecticut.

```
           /s/_____
Warren W. Eginton
Senior United States District Judge
```