UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|                                   |   |                        |
|-----------------------------------|---|------------------------|
|                                   | : |                        |
| JOSEPH BOOKLESS                   | : |                        |
|                                   | : |                        |
| v.                                | : | CIV. NO. 3:03cv123 (WWE) |
|                                   | : |                        |
| RANDY IRELAND, JERRY SCULLY,      | : |                        |
| BART DEELEY and RAYMOND WALSH     | : |                        |

REVISED SCHEDULING ORDER

A telephone conference call was held on December 8, 2005, in light of the appointment of Howard Masters, Esq., as plaintiff's counsel, and to address the status of the case.  As newly appointed counsel, Attorney Masters requested the opportunity to reopen discovery on plaintiff's behalf for limited purposes. Specifically, plaintiff seeks to: 1) depose the four defendants; 2) depose the witnesses whose names were recently itemized by the defendants as potential trial witnesses; 3) request further medical records of the plaintiff from the treating hospital and the Department of Corrections; 4) obtain an expert to review plaintiff's medical records; and 5) obtain all underlying records from the City of Naugatuck relating to the "dog bite" log.

Defendants argued that plaintiff's motion should be denied because: (1) the discovery deadline has passed; (2) plaintiff has failed to show good cause why discovery should be reopened; (3) plaintiff has adequately represented himself in the past, and in fact, survived summary judgment; and (4) no valid reason exists for plaintiff's failure to conduct the requested discovery in a

timely fashion.

After careful consideration by the Court, it is hereby
ORDERED:

1.    **Depositions of Defendants**

The Court finds that plaintiff is entitled to know the facts
to which defendants will testify at trial.  Plaintiff may
schedule the depositions of the four (4) defendants.  These
depositions shall be conducted before February 27, 2005.  If
plaintiff needs additional time to conduct these depositions,
counsel shall request an extension of time from the court.

2.    **Depositions of Witnesses**

Plaintiff has failed to show good cause why discovery should
be reopened to conduct depositions of all individuals recently
identified by defendants as potential trial witnesses.  However,
if plaintiff is able to identify, either through the deposition
testimony of defendants or after review of other discovery
material, an individual whose deposition is necessary for a
specific, articulable purpose, the plaintiff may renew this
request.

3.    **Medical Records**

As plaintiff has the ability to request his own medical
records, the request that defendants produce medical records from
the treating hospital and the Department of Corrections is

2

denied.

4.  **Identification of an Expert**

_____Plaintiff has failed to show good cause why an expert would be needed by plaintiff to review the medical records.  After reviewing the medical records, however, if plaintiff can specify, with particularity, the basis for the necessity of an expert, plaintiff may renew this request.

5.  **Dog Bite Documents**

 The Court finds that plaintiff is entitled to discover whether the police dog which bit plaintiff had, either prior to or after this incident, been involved in any other dog bite incidents.  As such, plaintiff may seek, from the City of Naugatuck, all documents/reports underlying the "dog bite" log for the police dog at issue.

SO ORDERED at Bridgeport this 8th day of December 2005.

```
_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```