```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

JOSEPH J. BOOKLESS,                :   NO. 3:03CV123(WWE)
     Plaintiff,

vs.

RANDY IRELAND, JERRY SCULLY,
BART DEELEY AND RAYMOND WALSH,     :   MARCH 3, 2006
     Defendants.
```

**DEFENDANTS' MOTION FOR RECONSIDERATION
OF RULING ON PLAINTIFFS' MOTION TO EXTEND
DISCOVERY DEADLINE AND RENEW DISCOVERY REQUEST**

Pursuant to Rule 7(a)1 of the Local Rules of Civil Procedure, the defendants in the above action respectfully move for reconsideration of the Court's Ruling, dated February 28, 2005, regarding the plaintiff's Motion to Extend Discovery Deadline and Renew Discovery Request to depose certain trial witnesses. The plaintiff's Motion, which was dated February 23 and filed February 27, was granted by the Court on February 28 before the defendants had an opportunity to file an objection. The plaintiff's Motion should be denied as untimely and because the plaintiff failed to show good cause for reopening discovery on the eve of trial. The basis of the defendants' objection is

set forth in the attached memorandum of law in support of the

Motion for Reconsideration.

                                        DEFENDANTS, RANDY IRELAND,
                                        JERRY SCULLY, BART DEELEY and
                                        RAYMOND WALSH

                                    BY_____
                                      James N. Tallberg
                                      Federal Bar No.: ct07849
                                      Karsten & Dorman, LLC
                                      29 South Main Street
                                      West Hartford, CT 06107
                                      Their Attorney
                                      jtallberg@karstendorman.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 3rd day of March, 2006, to the following counsel of record:

Howard S. Master, Esquire
Wiggin and Dana, LLP
One Century Tower
P. O. Box 1832
New Haven, CT 06508

_____
James N. Tallberg

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
JOSEPH J. BOOKLESS,                    :    NO. 3:03CV123(WWE)
     Plaintiff,

vs.

RANDY IRELAND, JERRY SCULLY,
BART DEELEY AND RAYMOND WALSH,         :    MARCH 3, 2006
     Defendants.
```

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR RECONSIDERATION
OF RULING ON PLAINTIFFS' MOTION TO EXTEND
DISCOVERY DEADLINE AND RENEW DISCOVERY REQUEST**

**I.   FACTUAL BACKGROUND**

This action, which was initiated by a complaint dated November 7, 2002, is scheduled for jury selection on May 9, 2006. The discovery deadline was June 14, 2004. More than three years after the action was commenced, and long after the expiration of the discovery deadline, counsel appeared for the plaintiff and requested that he be allowed to conduct depositions of a multitude of witnesses, as well as the four defendants.

By a ruling dated December 8, 2005, over the defendants' objection, the Court allowed the plaintiff to depose the four

defendants, but held that, "plaintiff has failed to show good cause why discovery should be reopened to conduct depositions of all individuals recently identified by defendants as potential trial witnesses." Revised Scheduling Order of 12/8/05 at 2. The Court left open the possibility that the plaintiff could renew the request for depositions if the plaintiff were able to identify "an individual whose deposition testimony is necessary for a specific articulable purpose." Id.

Depositions of three of the four defendants were completed on February 9 and 10, and the parties agreed to defer the deposition of the fourth defendant, Lt. Jerry Scully, who is on assignment out of state at the FBI Academy.[1]

On February 23, 2006, plaintiff filed a motion entitled "Motion to Extend Discovery Deadline and Renew Discovery Request," claiming that the depositions of Officers Bosco, Allen and Smolicz are necessary. The identity of Officers Bosco, Allen and Smolicz, as well as their roles in the plaintiff's

---

[1] The parties agreed to seek the Court's permission to conduct the deposition of Lt. Scully outside of the discovery deadline due to his prolonged absence from Connecticut, but advised plaintiffs' counsel that he would object to any attempt to depose additional witnesses. See Master Letter to Judge Fitzsimmons of 2/23/06, indicating the defense objection to plaintiff's Motion.

arrest on May 22, 2000, was well known to the plaintiff, and his counsel, since the police reports identifying those officers and summarizing their roles were provided to the plaintiff two years ago, on March 2, 2004.  See Ex. A (Def. Jerry Scully's Responses to Plaintiff's Interrogatories of 3/2/04, No. 10 "Defendant Scully intends on calling to testify all the officers in the attached police reports . . .").

The police reports that the plaintiff must admit were provided to him on March 2, 2004, describe in detail the participation of each of these supposed "newly discovered" witnesses in the plaintiff's arrest.  For example, Lt. Scully's report describes that, "Sgt. Allen arrived and grabbed Bookless's left arm.  Officer's Bosco and Det. Walsh also arrived to assist.  Bosco assisted Allen with the left arm . . ." (Ex. D, page 2 of 4, to plaintiff's Motion).  Similarly, Detective Deeley's report indicates that Sgt. Allen and Officer Bosco were involved with the apprehension of Mr. Bookless.  (Ex. E, page 1 of 2, to plaintiff's Motion).  Lastly, Sgt. Smolicz prepared a supervisor's report regarding the

incident, which was provided to the plaintiff two years ago. (Ex. F to plaintiff's Motion).

## II. ARGUMENT

### A. The Plaintiff has failed to Show Good Cause to Reopen Discovery on the Eve of Trial

The district court has broad discretion to manage and, where appropriate, restrict discovery. Lewis v. Texaco, Inc., 527 F.2d 921, 926 (2d Cir. 1975). Requests to depose witnesses on the eve of trial are disfavored, especially when the requesting party has known the identity of the witness, yet waited until the last minute to seek the deposition. Estate of Bermudez v. United Fruit Company, 421 F.2d 1338, 1339 (2d Cir. 1970).

In Bermudez, the Second Circuit Court of Appeals declined to find an abuse of discretion where the district court precluded a plaintiff from taking a deposition of a witness on the eve of trial, since "the identity of the witness and his whereabouts had been known to counsel for both sides for some time. . ." Bermudez, 421 F.2d at 1339. Similarly here, Mr. Bookless was provided with the identities of the very witnesses

- 4 -

he now seeks to depose at least two years ago.  Plaintiff has not even attempted to articulate a good reason why these witnesses were not deposed within the times provided by the Court's earlier scheduling orders.

In general, formal discovery is expected to be completed in our district within six months of the filing of a complaint. See Standing Order on Scheduling in Civil Cases, 2(e) (presumptive filing deadlines).  For "good cause shown," these presumptive deadlines may be extended.  Id.  The good cause standard, requires "a particularized showing that the schedule established by this order cannot reasonably be met despite the diligence of the party seeking the extension."  Id.  Again, the plaintiff has not even attempted to make the requisite showing of diligence in attempting to meet the Court's prior deadlines, or show good cause why that delay should be excused.

Now, on the eve of trial, the defendants would be prejudiced by being distracted from their trial preparations for these cumulative depositions.  In addition, the defendants would incur a significant cost in legal fees and transcript costs if

the plaintiff was allowed to proceed with these last minute depositions.

The plaintiff's failure to depose the identified witnesses is not the defendants' fault, since the identities of these witnesses was disclosed to the plaintiff two years ago. To allow the plaintiff to conduct additional discovery after the case has been pending for three years, on the eve of trial, is patently unfair, prejudicial to the defendants, and should not be allowed.

### III.  CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that the Court did not have before it all of the facts and controlling decisions affecting its ruling on the plaintiff's Motion to Extend Discovery Deadline and Renew Discovery Request. Therefore, the defendants request that the Court reconsider its earlier ruling and deny the plaintiff's untimely request to reopen discovery for additional depositions.

```
                                    DEFENDANTS, RANDY IRELAND,
                                    JERRY SCULLY, BART DEELEY and
                                    RAYMOND WALSH


                              BY_____
                                    James N. Tallberg
                                    Federal Bar No.: ct07849
                                    Karsten & Dorman, LLC
                                    29 South Main Street
                                    West Hartford, CT 06107
                                    Their Attorney
                                    jtallberg@karstendorman.com
```

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 3rd day of March, 2006, to the following counsel of record:

Howard S. Master, Esquire
Wiggin and Dana, LLP
One Century Tower
P. O. Box 1832
New Haven, CT 06508


                                    _____
                                    James N. Tallberg

- 7 -