**Exhibit A**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH J. BOOKLESS, | ) | |
| | ) | |
| plaintiff, | ) | No. 3:03 CV 123 (WWE) |
| | ) | |
| v. | ) | |
| | ) | |
| RANDY IRELAND, JERRY SCULLY, | ) | June 9, 2006 |
| BART DEELEY, & RAYMOND WALSH, | ) | |
| | ) | |
| defendants. | ) | |

### PLAINTIFF JOSEPH BOOKLESS'S INITIAL REQUEST TO CHARGE

Plaintiff Joseph J. Bookless submits the following as his initial request to charge.

**Instruction #1:  <u>Section 1983</u>**

The plaintiff, Joseph J. Bookless, claims that defendant police officers Randy Ireland, Jerry Scully, Bart Deeley, and Raymond Walsh, while acting as members of the Police Department of the Borough of Naugatuck, intentionally deprived him of his rights secured by the Fourth Amendment of the Constitution of the United States and by federal law protecting the civil rights of all persons within the United States.

Specifically, Section 1983, a statute of the United States, provides that a plaintiff may seek money damages against a person who, under color of law, deprives a plaintiff of any rights protected by the Constitution or Laws of the United States.  In this case, the plaintiff contends that the defendant police officers subjected him to a deprivation of the constitutional right to be free from excessive use of force against his person during the course of an arrest.[1]

---

[1] 3B Kevin F. O'Malley et al., *Federal Jury Practice and Instructions* § 165.01 (2001).

1

In order to prove a claim under Section 1983, the plaintiff must establish the following three elements by a preponderance of the evidence:

First, the plaintiff must show that the defendant police officers acted under color of law;

Second, the plaintiff must show that the defendants' acts or omissions operated to deprive him of one or more rights protected by the Constitution or laws of the United States; and

Third, the plaintiff must show that the defendants' acts or omissions were the proximate cause of damages sustained by the plaintiff.

I will now explain Section 1983's elements in greater detail.

### a.   <u>Under Color of Law</u>

The first element that the plaintiff must prove is that the defendants were working "under the color of law." This means, in this case, simply acting in the capacity as a police officer at the time in question. There is no dispute in this case that at that time, defendants were acting in their official capacities as police officers at the time of Mr. Bookless's arrest. Accordingly, I instruct you that the plaintiff has met his burden on the first element of his Section 1983 claim.

### b.   <u>Deprivation of a Constitutional Right</u>

The second element that the plaintiff must prove is that the defendants' acts or omissions operated to deprive him of his rights under either the Constitution or laws of the United States.

*Excessive Force*

In this case, the plaintiff alleges that the defendants Ireland, Scully, Deeley, and Walsh subjected him to arrest by the use of excessive force, in violation of the Fourth Amendment to the United States Constitution. The Fourth Amendment provides in pertinent part that:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . .

2

You are instructed that the Fourth Amendment protects every citizen from unreasonable force by a police officer in the performance of police duties. This means that every person has the right not to be subjected to unreasonable or excessive force while being arrested by a law enforcement officer, even though the arrest itself is otherwise in accordance with the law. I must now talk to you for few minutes about the words "reasonable" and "unreasonable."

You must determine whether the plaintiff has proven, by a preponderance of the evidence, that the force used by the defendants was objectively unreasonable in the light of the totality of the circumstances confronting the police officers at the time. You first must ask whether the defendants employed force. If you find that force was used, you must determine whether it was excessive. Force is considered excessive where the plaintiff shows that the defendants acted objectively unreasonably, when compared to what other police officers, acting reasonably, would have done under the same totality of the circumstances confronting them. Thus, you should not ask yourselves whether the defendants themselves thought their own use of force was reasonable. Instead, you must employ a completely objective test. In the end, you must ask yourselves "what would reasonable, objective police officers do in the circumstances faced by these police officers?"

You are to make this determination without regard to the police officers' underlying subjective intent or motivation. That means that "evil intentions" will not be considered excessive force if the force used was in fact reasonable. On the other hand, an officer's good intentions will not make the use of excessive force constitutional. The reasonableness of a particular use of force must be judged from the perspective of a reasonable police officer on the scene, rather than with the

3

20/20 vision of hindsight. In determining whether the force exercised was reasonable, you should consider the facts and circumstances as you find them to be, including the severity of the offenses at issue, whether the plaintiff posed an immediate threat to the safety of the police officers or others, and whether the plaintiff was actively resisting arrest at the time the alleged excessive force was applied.[2]

*Use of Police Dog*

A police dog is a tool of law enforcement. Its use constitutes the use of force. The force resulting from the use of a police dog can be proper or excessive, just as the use of a gun, baton, or other tool can be. When deciding whether the force used was proper, you are to base your decision on the same standard applied to other types of force.[3]

*Failure to Intervene*

Police officers have an affirmative legal duty to enforce the law and preserve the peace. This includes taking reasonable steps to prevent other police officers from violating the law. Thus, if you find that, the plaintiff was subjected to the excessive or unreasonable use of force by one or more of the defendants, and you further find that one or more of the defendants did nothing to prevent these actions, despite having a realistic opportunity to do so, then you will find those defendants who failed to intervene liable for the other defendant or defendants' excessive use of force.[4]

---

[2] 4 Martin A. Schwartz & George C. Pratt, *Section 1983 Litigation: Jury Instructions* § 7.01.1 (perm. ed. 2006).

[3] *Id.* § 7.01.3.

[4] *Id.* § 7.02.1.

4

c.    **Proximate Cause**

The third element which plaintiff must prove is that defendant police officers' acts were the proximate cause of any injuries suffered by plaintiff. Proximate cause means that there must be a sufficient causal connection between the defendants' acts or omissions and any damages sustained by the plaintiff.  In order for you to conclude that the defendants proximately caused the harm sustained by the plaintiff, you must find that defendants' acts or omissions were a substantial factor in bringing about, or actually causing the harm and that the harm was either a direct result or a reasonably probable consequence of the act or omission.

**Instruction # 2:  Each Defendant Considered Separately**

The plaintiff must prove each of the elements of his claim by a preponderance of the evidence as to each of the defendants in accordance with these instructions.  In other words, in determining whether the plaintiff's Fourth Amendment rights were violated, you must consider each defendant's conduct and liability separately and independently of the other.

**Instruction # 3:  Damages**

If you find for the plaintiff against one or more of the defendants on any of the plaintiff's cause of action, you may proceed to determine damages.  Instructions as to the measure of damages are given for your guidance and should only be considered in the event you find for the plaintiff in accordance with the other instructions I am giving you.  Also, you may only award damages as against those defendants you find liable under the plaintiff's cause of action.

### a.    **Compensatory Damages**

The first type of damages you should consider is compensatory damages.  Compensatory damages are meant to cover tangible injuries, such as physical pain, and intangible injuries such as mental anguish and emotional suffering.  In weighing the issue of compensatory damages, you must ask yourself two initial questions: first, has the plaintiff proven by a preponderance of the evidence that he suffered actual harm; and, second, has he proven by a preponderance of the evidence that the defendants' violation of his constitutional rights proximately caused that harm? As I explained earlier, the defendants' actions can be considered a proximate cause of the harm claimed by plaintiff if they were a substantial factor in bringing about that harm.

If you decide that the plaintiff has proven that he suffered specific harm due to the defendants' acts or omissions, then you must decide on the amount of money that will compensate him for his harm.  It is the plaintiff's burden to prove each and every element and item of damage by a preponderance of the evidence.  If he does so, it is for you, in the best exercise of your best judgment, to say what is just and fair compensation.  There is no fixed formula for you to apply.  You must not speculate or guess as to damages.  However, proof of damages to a mathematical precision is not required.  The plaintiff need only prove damages with a degree of accuracy permitted by the evidence.

### b.    **Nominal Damages**

If you return a verdict in the plaintiff's favor on his 1983 claim, but find that he failed to meet his burden of proving that he suffered any actual injuries, then you must award the plaintiff "nominal damages" not to exceed one dollar. Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations

6

have not been shown to have caused actual injury.[5]

### c.    Punitive Damages

In addition to compensatory or nominal damages, you may award punitive damages. You may make an award of punitive damages even though you find that the plaintiff has failed to establish compensatory damages, as long as you have awarded nominal damages.

You may award the plaintiff punitive damages if you find, by preponderance of the evidence, that the acts or omissions of the defendants were done maliciously or with reckless indifference to the federally protected rights of the plaintiff. An act or failure to act is maliciously done if it is prompted by ill will or spite toward the plaintiff. An act or failure to act is done with reckless indifference if any of the defendants knew or should have known that the plaintiff's rights would be violated by his actions or omissions.

In this case there are multiple defendants. You must make a separate determination whether each defendant acted maliciously or with reckless indifference to the rights of the plaintiff.

An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for acting with malice or with reckless indifference to a plaintiff's rights or to deter police officers from performing similar conduct in the future. Thus, in deciding whether to award punitive damages,

---

[5] *Id.* § 18.03.1.

7

you should consider whether each defendant may be adequately punished by an award of compensatory or actual damages only, or whether the conduct is so malicious or reckless that compensatory or nominal damages are inadequate to punish the wrongful conduct. You should also consider whether compensatory or nominal damages standing alone are likely to deter or prevent each defendant from again performing the wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence.

**Instruction # 4:  Burden of Proof**

This is a civil case. The plaintiff has the burden of proving his or her case by what is called the preponderance of the evidence.  That means that the plaintiff has to produce evidence which, when considered in the light of all the facts, leads you to believe that what plaintiff claims is more likely true than not.  To put it differently, if you were to put plaintiff's evidence and defendant's evidence on opposite sides of the scales, plaintiff would have to make the scales tip slightly on his side. If plaintiff fails to meet this burden, the verdict must be for the defendant.

You may have heard of the phrase "proof beyond a reasonable doubt." That is a stricter standard; it requires more proof than a preponderance of evidence. The reasonable doubt standard does not apply to a civil case and you should therefore put it out of your mind.

**Instruction # 5:  Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony or eyewitnesses. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved

8

directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**Instruction # 6:  <u>Law Enforcement Witnesses</u>**

You have heard testimony during this trial from law enforcement officers.  The mere fact that a witness is employed by a government does not entitle his or her testimony to special sanctity, nor should it be viewed with special suspicion.  A police officer who takes the stand subjects his or her testimony to the same examination and the same tests that any other witness does.  You should not believe or disbelieve a witness merely because he or she is a law enforcement officer.  You should recall the witness' demeanor on the stand, his or her manner of testifying, his or her association with one side of the case, and the substance of his or her testimony, and you should weigh such testimony just as carefully as you would the testimony of any other witnesses.

**Instruction # 7:  <u>Duty to Deliberate</u>**

When you retire, you should elect one of your number as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

9

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think that it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. Therefore, if it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the other jurors may want to ask themselves about the basis for their feelings when a substantial number have reached a different conclusion. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

Respectfully submitted,

PLAINTIFF
JOSEPH J. BOOKLESS

Howard Master (ct26855)
Rachel Amankulor (ct26965)
WIGGIN & DANA LLP
One Century Tower
P.O. Box 1832
New Haven, CT  06508-1832
Tel. (203) 498-4400
Fax (203) 782-2889
hmaster@wiggin.com

11