UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPH J. BOOKLESS,              :   NO. 3:03CV123(WWE)
    Plaintiff,

vs.

RANDY IRELAND, JERRY SCULLY,
BART DEELEY AND RAYMOND WALSH,   :   JUNE 8, 2006
    Defendants.

### DEFENDANTS' PRELIMINARY REQUESTS FOR JURY INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 51, the defendants in the above-captioned matter respectfully request that the Court instruct the jury as follows. Defendants also request permission to supplement or revise these instructions as necessary prior to and during trial.

DEFENDANTS, RANDY IRELAND,
JERRY SCULLY, BART DEELEY and
RAYMOND WALSH

BY _____
James N. Tallberg
Federal Bar No.: ct17849
Karsten & Dorman, LLC
29 South Main Street
West Hartford, CT 06107
Their Attorney
jtallberg@karstendorman.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 8th day of June, 2006, to the following counsel of record:

Howard S. Master, Esq.
Rachel Amankulor, Esq.
Wiggin and Dana, LLP
One Century Tower
P. O. Box 1832
New Haven, CT 06508

_____
James N. Tallberg

## SECTION 1983: THE ELEMENTS

The plaintiff claims that his constitutional rights were violated by the defendants. To prevail on this claim, the plaintiff must prove among other things, by a preponderance of evidence, each of the following elements as to each claim of constitutional violation:

First, that the defendant acted under the color of state law;

Second, that the defendant violated the plaintiff's constitutional rights in one or more of the ways alleged;

Third, that the defendant's acts were the proximate cause of any damages sustained by plaintiff.

It is not necessary under this statute to find that the defendants specifically intended to deprive the plaintiff of his constitutional rights. Instead, a plaintiff is entitled to relief if the defendants intentionally or recklessly engaged in conduct which violated particular constitutional rights. However, mere negligence on the part of the defendant is not enough to create liability.

3

An act is <u>intentional</u> if it is done knowingly; that is, if it is done voluntarily and deliberately and not because of accident, mistake, negligence or other innocent reason. An act is <u>reckless</u> if it is done in conscious disregard of its known probable consequences. On the other hand, an act is <u>merely negligent</u> if a defendant's conduct breached a legal duty to use reasonable care in the circumstances, but the defendant did not act intentionally or recklessly.

In determining whether a defendant acted intentionally or recklessly, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds, and your belief or disbelief with respect to those facts.

Here, the parties agree that the defendants acted under color of state law, so you need not consider that issue. Keeping these general requirements of a § 1983 civil rights claim in mind, I shall now instruct you concerning the specific

KARSTEN & DORMAN, LLC • ATTORNEYS AT LAW
29 SOUTH MAIN STREET • WEST HARTFORD, CT 06107 • (860) 521-4800 • FAX (860) 521-7500 • JURIS NO. 424030

constitutional rights of which the plaintiff claims to have been deprived.

Graham v. Connor, 490 U.S. 392 (1989)

U.S. Constitution, amend. IV; 42 U.S.C. §1983

KARSTEN & DORMAN, LLC • ATTORNEYS AT LAW
29 SOUTH MAIN STREET • WEST HARTFORD, CT 06107 • (860) 521-4800 • FAX (860) 521-7500 • JURIS NO. 424030

## **EXCESSIVE FORCE**

The Fourth Amendment to the United States Constitution provides to every citizen the right to be secure in his or her person against unreasonable seizures by the police. A "seizure" or arrest is reasonable and lawful if it is supported by probable cause. A police officer is entitled under the law to use reasonable force if necessary to make an arrest, and for certain other purposes. However, a police officer may not use force which is excessive, even if he is making a lawful arrest. Whether or not a police officer is justified in using force to complete an arrest, and if so how much force that officer is justified in using, are determined by the Fourth Amendment standard of "reasonableness."

In this case, it is not disputed that some force was used to effect the arrest of the plaintiff. You must therefore decide whether the plaintiff has proven that he was subjected to excessive force as he claims, in that the force used by the officers was unreasonable under the circumstances. It was the plaintiff's burden to prove this claim, as I have instructed you.

6

Under our Constitution, police officers are authorized during an arrest to use that amount of force reasonably necessary to accomplish the purpose of the arrest, control the situation and protect the officers or others during the arrest. In weighing the conduct of the police officers, you must give due consideration to their experienced judgment, and you must consider their legitimate concern for their own safety. The officers at the scene may properly consider such factors as the nature of the crime involved, whether the suspect poses an immediate threat to them or others, and whether he is actively resisting arrest or attempting to avoid arrest by fleeing. If you find that these defendants could reasonably have believed their actions were necessary to accomplish the purpose of the arrest, maintain and control the plaintiff and to protect themselves or others, then you must conclude that their actions were lawful under the Constitution and you must find for the defendant police officers on this issue.

The consideration of these matters must make allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain

and rapidly evolving – about the amount of force that is necessary in a particular situation. Therefore, in examining the claim of plaintiff that excessive force was used against him, you must look at the situation from the perspective of a reasonable officer on the scene at that moment, taking into consideration all the circumstances which you find to have existed at the time, as the officer reasonably could have perceived them to be. You must avoid evaluating the officers' conduct based on the "20/20 vision of hindsight".

Not every push, shove or other physical contact, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Constitution. If an officer reasonably, but mistakenly, believed that a suspect was likely to fight back, for instance, the officer would be justified in using more force than in fact was needed. The question is, was the officer's conduct within a reasonable range of appropriate police responses. It was plaintiff's burden to prove it was not.

If you find from the evidence in this case that a defendant used more force against plaintiff than might have appeared to a reasonable police officer in similar circumstances to be

8

## **USE OF FORCE TO RESIST ARREST IS NOT JUSTIFIED**

A person is not justified in using physical force to resist an arrest by a reasonably identifiable police officer, whether such arrest is legal or illegal.

Connecticut General Statutes § 53a-23.

## QUALIFIED IMMUNITY

In considering plaintiff's claim that he was subjected to excessive force, you may also consider one of the defendants' affirmative defenses; namely, that they are entitled to qualified immunity, and that they cannot be held liable in their individual capacities to the plaintiff for damages under the law.

You are instructed that all government officials, including police officers, are entitled in proper cases to the defense of qualified immunity against claims under the Constitution for money damages. This defense is intended to protect officers from liability arising from the performance of their duties, such as the use of force and making arrests. These officers must routinely make close decisions in order to exercise the discretionary authority which is delegated to them. The qualified immunity defense protects such officers from liability unless they are plainly incompetent or knowingly violated the law.

KARSTEN & DORMAN, LLC • ATTORNEYS AT LAW
29 SOUTH MAIN STREET • WEST HARTFORD, CT 06107 • (860) 521-4800 • FAX (860) 521-7500 • JURIS NO. 424030

necessary, then you may find that the officer used excessive force against the plaintiff, contrary to the Constitution of the United States. However, if you find that the defendant used only reasonable force; that is, that a reasonable officer, faced with the circumstances these officers were faced with, could have acted in a similar manner, considering those factors I have already expressed to you, then you must find that the plaintiff's constitutional rights were not violated, and return a verdict for the defendants on the plaintiff's constitutional claim of excessive force.

If you do find from the evidence in this case that excessive force was used against the plaintiff, that does not necessarily mean that the plaintiff is entitled to judgment against a defendant. If you do find that the force utilized here was excessive, then you must consider whether the defendants are entitled to qualified immunity from liability as to plaintiff's claims.

Graham v. Connor, 490 U.S. 392 (1989)
U.S. Constitution, amend. IV; 42 U.S.C. §1983

You are instructed that conduct is "objectively reasonable" unless it is obvious that no reasonably well-trained officer would have taken the same action under the same or similar circumstances. If you find that the defendants' actions were objectively reasonable under the circumstances, even if they did violate the plaintiff's constitutional rights, then the defendants are entitled to qualified immunity and you must find in their favor. Even if reasonable officers could disagree about whether probable cause existed for plaintiff's arrest, the defendant officer is entitled to judgment in his favor.

<u>Saucier v. Katz</u>, 533 U.S. 194 (2001)

<u>Harlow v. Fitzgerald,</u> 457 U.S. 800 (1982).

<u>Finnegan v. Fountain,</u> 915 F.2d 817 (2d Cir. 1990).

KARSTEN & DORMAN, LLC • ATTORNEYS AT LAW
29 SOUTH MAIN STREET • WEST HARTFORD, CT 06107 • (860) 521-4800 • FAX (860) 521-7500 • JURIS NO. 424030

## **INTERFERING WITH A POLICE OFFICER**

The defendants claim the plaintiff's interference with their efforts to subdue him precludes his excessive force claim. In Connecticut, we have the following law:

> a person is guilty of interfering with a police officer when he obstructs, resists, hinders, or endangers any peace officer . . . in such peace officer's . . . duties.

To "obstruct" is defined as "to be or come in the way of: hinder from passing, action or operation." To "resist arrest" is defined as "intentionally preventing a peace officer from effecting a lawful arrest." To "hinder" is defined as "to make slow or difficult the course of progress of." A reasonable interpretation of this statute confines its scope to conduct that amounts to meddling in or hampering the activities of police.

An action need not successfully defeat or delay the performance of a policeman's duty, but need only hamper that performance, in order to constitute interference.

KARSTEN & DORMAN, LLC • ATTORNEYS AT LAW
29 SOUTH MAIN STREET • WEST HARTFORD, CT 06107 • (860) 521-4800 • FAX (860) 521-7500 • JURIS NO. 424030

If you find that the plaintiff obstructed, resisted, hindered, or endangered the defendants while they sought to bring him under control and custody, and that they did not use unreasonable force against him after he was subdued, then they cannot be liable on the plaintiff's excessive force claim.

Conn. Gen. Stat. § 53a-167a.

Heck v. Humphrey, 512 U.S. 477, 487, n.6. (1994)

State v. Beckenbach, 1 Conn. App. 619, 679 (1984) citing State v. Brown, 33 Conn. Supp. 515, 356 A.2d 913 (1976).

State v. Biller, 5 Conn. App. 616, 621 (1985).

State v. Williams, 205 Conn. 456, 471 (1987).

KARSTEN & DORMAN, LLC • ATTORNEYS AT LAW
29 SOUTH MAIN STREET • WEST HARTFORD, CT 06107 • (860) 521-4800 • FAX (860) 521-7500 • JURIS NO. 424030

## BURDEN OF PROOF - MULTIPLE DEFENDANTS

Although there are four defendants, it does not mean that if one defendant is liable to the plaintiff, all defendants are liable. Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendants. In these instructions, I may at time, for ease of discussion, refer to what the plaintiff must prove in order to prevail against the defendants. Bear in mind that you must decide the case as to the plaintiff's claim against each defendant individually. You may not prejudice one defendant if you find another one liable.

KARSTEN & DORMAN, LLC • ATTORNEYS AT LAW
29 SOUTH MAIN STREET • WEST HARTFORD, CT 06107 • (860) 521-4800 • FAX (860) 521-7500 • JURIS No. 424030

## PLAINTIFF'S PHYSICAL INJURIES

It is the plaintiff's burden to prove each and every element and item of damage, including any physical or mental injuries he claims were caused by the incident in question. It is not the defendants' burden to disprove them. If there is ambiguity or uncertainty in the evidence as to plaintiff's claims of injuries and what he claims caused any such injuries, you may not award damages for any injury as to which plaintiff has not provided medical evidence, including expert medical testimony, to remove such ambiguity or uncertainty.

Barnes v. Anderson, 202 F.3d 150 (2d Cir. 1999).

Shegog v. Zabrecky, 36 Conn. App. 737 (1995).

Bates v. Carroll, 99 Conn. 677 (1923).

KARSTEN & DORMAN, LLC • ATTORNEYS AT LAW
29 SOUTH MAIN STREET • WEST HARTFORD, CT 06107 • (860) 521-4800 • FAX (860) 521-7500 • JURIS NO. 424030

## **COMPENSATORY DAMAGES**

Just because I am instructing you on how to award damages, does not mean that I have any opinion on whether or not the defendants should be held liable.

Only if you return a verdict for the plaintiff as to liability, then you must consider the issue of actual damages. If you return a verdict for the plaintiff, you should award him such sum of money as you believe will fairly and justly compensate him for any injury he has proven that he actually sustained as a direct consequence of the conduct of the defendant or defendants you determine to be liable.

A plaintiff can recover as compensatory damages only those items of damage, if any, that are justified by the pleadings and the proof.

If you find a defendant is liable to plaintiff, you may award actual damages only for those injuries which you find that the plaintiff has proven by a preponderance of the evidence to have been the direct result of conduct by that particular defendant. This is, you may not award against each defendant an amount reflecting actual damages for all injuries suffered by plaintiff - you may award actual damages only for that injury, if

17

any, which you find to be a direct result of actions by each particular defendant.

You must not speculate or guess as to damages. It is the plaintiff's burden to prove each element, item and amount of damages, not the defendants' burden to disprove them.

On the other hand, proof of damages to mathematical precision is not required. Damages need not be proven with exactitude. All that is required is that the preponderance of the evidence, with such certainty as the case may permit, lays a foundation that will enable you to estimate fairly the amount of damages sustained by the plaintiff.

Sand, et al., Modern Federal Jury Instructions, 87-23, 87-91

Smith v. Wade, 461 U.S. 30, 103 S.Ct.1625, 75 L.Ed.2d 632 (1983)

Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978)

Memphis Community School District v. Stachura, 106 S.Ct. 2537 (1986).

Devitt & Blackmar, Instructions, § 85.14

## **PUNITIVE DAMAGES**

The plaintiff has made a claim for punitive damages in this case. Under our law, punitive damages are not favored and are to be allowed only with caution and within narrow limits. They are to be awarded for a violation of civil rights only where there have been malicious actions by the individual defendants in gross disregard of the plaintiff's rights.

City of Newport v. Facts Concerts, Inc., 453 U.S. 247 (1981)

LaReau v. Manson, 383 F. Supp. 214, 219 (D.Conn. 1974)

128 Conn. 62, 66 (1941).

## **NOMINAL DAMAGES**

If you find that defendants are liable to the plaintiff but that the plaintiff has not proven any of the damages alleged, you must award the plaintiff nominal damages. Nominal damages are a minimal sum that must be awarded when a person's rights have been violated, but he has not sustained any actual injury or not proved any actual damages or when she has been unable to prove an amount to which her injuries might entitle her. If nominal damages are awarded based on these instructions you will award the plaintiff $1.00.

KARSTEN & DORMAN, LLC • ATTORNEYS AT LAW
29 SOUTH MAIN STREET • WEST HARTFORD, CT 06107 • (860) 521-4800 • FAX (860) 521-7500 • JURIS No. 424030