```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

JOSEPH J. BOOKLESS,                  :   NO. 3:03CV123(WWE)
     Plaintiff,

vs.

RANDY IRELAND, JERRY SCULLY,
BART DEELEY AND RAYMOND WALSH,       :   JUNE 9, 2006
     Defendants.
```

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE REGARDING EVIDENCE, TESTIMONY AND ARGUMENT AT TRIAL

**I.  FACTUAL BACKGROUND**

The plaintiff's one count complaint is limited to an excessive force claim against four members of the Naugatuck Police Department, Lieutenant Jerry Scully, Detective Bart Deeley, Officer Randy Ireland and Officer Raymond Walsh. Am. Compl., ¶¶6-9. The plaintiff alleges that, on May 22, 2000, Lt. Scully attempted to stop him on Spring Street in Naugatuck. Id., ¶6. He claims that, as he lay face down on the ground without resisting, he was assaulted by the defendants. Id., ¶¶6-9.

The plaintiff has not sued the Borough of Naugatuck, nor has he alleged a Monell type claim of improper training or a

pattern or practice of misconduct. Instead, his allegations are limited to his arrest on May 22, 2000. Am. Comp., ¶¶6-9. He has not disclosed any expert witnesses and the only witnesses that he has identified are fact witnesses to the incident on May 22, 2000. Based on the limited nature of the plaintiff's excessive force claim, the only evidence relevant to the question of whether reasonable force was used when the plaintiff was taken into custody on May 22, 2000, is the testimony from those fact witnesses who had an opportunity to observe the plaintiff and the defendants on that date, and evidence regarding the events of that day.

The plaintiff, however, has indicated that he may seek to introduce extraneous evidence regarding other claims or lawsuits against the defendants or the Naugatuck Police Department in general. In particular, the plaintiff is expected to offer evidence regarding other incidents in which canine "Argo" was employed to apprehend suspects. Such evidence is irrelevant, not probative of the issues to be tried, and extremely prejudicial to the defendants.

For these and the reasons that follow, the Court should enter an order precluding such evidence.

## II. LAW AND ARGUMENT

### A. The Plaintiff Should Be Precluded From Offering "Other Act" or "Propensity" Evidence Because it is Inadmissible Character Evidence

Rule 404(a) of the Federal Rules of Evidence provides that:

**(a) Character Evidence Generally**: Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion . . .

**(b) Other Crimes, Wrongs, or Acts**. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . .

Pursuant to Rule 404(b), wrongful acts evidence may not be admitted merely to show the defendant's alleged propensity to commit the act in question. Under certain limited circumstances, such evidence may be admitted for other relevant purposes under the Second Circuit's inclusionary approach. See Berkovich v. Hicks, 922 F.2d 1018 (2d Cir. 1991), citing United States v. Brennan, 798 F.2d 581, 589 (2d Cir. 1986). Rule 403 of the Federal Rules of Evidence, however, limits the potentially broad reach of the inclusionary approach by permitting the exclusion of relevant evidence "if the probative value is substantially outweighed by the danger of unfair

prejudice, confusion of the issues, or misleading the jury," among other things.  Id.

To determine whether the trial court properly admitted other act evidence, the reviewing court will consider whether: "(1) it was offered for a proper purpose; (2) it was relevant to a disputed trial issue; (3) its probative value is substantially outweighed by its possible prejudice; and (4) the trial court administered an appropriate limiting instruction." United States v. Edwards, 342 F.3d 168, 176 (2d Cir. 2003), citing United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992).

Without the showing of such similarity of prior acts so that they approach near identity with the disputed trial issue, the Second Circuit has consistently precluded the proffer of prior citizen complaints against defendant police officers by way of the balancing requirement of Rule 403.  See, Berkovich v. Hicks, 922 F.2d 1018, 1022 (2d Cir. 1991) (affirming district court's decision to exclude seven prior complaints against police officers, alleged to be probative of a pattern of misconduct, because they did not show the kind of *modus operandi* in this case); Ricketts v. City of Hartford, 74 F.3d 1397 (2d Cir. 1996) (following Berkovich, supra, holding that a

subsequent citizen complaint against a defendant officer was properly excluded); Hynes v. Coughlin, 79 F.3d 285 (2d Cir. 1996) (affirming district court's decision to exclude prior discipline records to show a pattern of conduct as pattern evidence); see also Rosa v. Town of East Hartford, 2005 WL 752206, *2 (D. Conn.) (D. Conn. 2005) (excluding evidence of approximately 32 other dog bite incidents involving the defendant canine officer because the defendant's subjective intent is irrelevant in an excessive force claim).

In Rosa, the plaintiff attempted to introduce evidence of approximately 32 other dog bite incidents involving a defendant who was a canine police officer. Rosa, 2005 WL 752206 at 2. Judge Nevas excluded the proffered evidence because the defendants' subjective intent was irrelevant to whether the plaintiff could meet his burden of showing that excessive force was used, the other incidents were inadmissible propensity evidence precluded by Rule 404(b), and the evidence was unduly prejudicial to the defendants. Id. The Court reasoned as follows:

> [Plaintiff's] burden at trial will be to demonstrate that, under the facts and circumstances of his arrest, the degree of force used was unreasonable because he

> did not pose an immediate threat of safety and was not actively resisting arrest. . . . Evidence of other incidents in which [the canine officer] used [the police canine] to effectuate an arrest would not be probative of this because the other incidents occurred under facts and circumstances that were not sufficiently similar to the facts and circumstances of [plaintiff's] arrest.

Rosa, 2005 WL 752206, 2-3.

Similarly here, the plaintiff should not be allowed to offer any evidence regarding other dog bites by canine "Argo", any prior citizen complaints, or lawsuits involving the defendants because (1) it is not offered to prove any of the exceptions listed in Federal Rules of Evidence 404(b); (2) there are no similarities between the prior incidents and the one in this case in order to make such comparisons reliable and trustworthy; (3) the reliability of such lay comparison is highly suspect; (4) any probative value clearly outweighed by the dangers of unfair prejudice to the defendants; and (5) the evidence has the natural propensity to mislead the jury and cause jury confusion.  Rosa, 2005 WL 752206.

**B.** **Even if the Proffered Evidence Was Relevant, it is Unduly Prejudicial to the Defendants and Should be Excluded**

The plaintiff has the burden of proving that the officers used unreasonable force against him under the totality of the circumstances. Graham v. Connor, 490 U.S. 386, 397 (1989). If the plaintiff is allowed to offer "other act" or "propensity" evidence, the defendants will suffer extreme prejudice in this case in that they will be forced to defend not only the plaintiff's unfounded allegations, but against hearsay claims arising from previous incidents. This would be patently unfair and prejudicial to the defendants and would confuse the issues the jury must decide.

During discovery in this case, the plaintiff sought information from the defendants regarding other civil actions and citizen complaints filed against them, including incidents involving canine "Argo". Some of those disputed claims were resolved through settlement and means of alternate dispute resolution, in order to avoid the costs, uncertainties and burdens of litigation. All of the claims were vigorously contested, just as the defendants challenge the plaintiff's baseless allegations in this case. Under Rule 404(b), evidence

of those other claims is precluded to show action in conformity therewith. Under Rule 403, if the probative value is outweighed by the undue prejudice to the defendants and the confusion it would cause the jury, then that evidence must be precluded.

Even if the allegations of these prior complaints and lawsuits were true, they have no bearing on this matter because the central issue is whether the officers used objectively unreasonable force under the totality of the circumstances of this case. See <u>Rosa v Town of East Hartford</u>, 2005 WL 752206, *2 (D. Conn. 2005) <u>citing</u> <u>Graham v. Connor</u>, 490 U.S. 386, 397 (1989). Accordingly, that evidence should be precluded so that the jury may focus on the narrow issue in this case; namely whether the plaintiff can prove his excessive force claim arising from his May 22, 2000 arrest.

### III. <u>CONCLUSION</u>

For all of the foregoing reasons, the defendants request that the Court grant this Motion in Limine.

DEFENDANTS, RANDY IRELAND,
JERRY SCULLY, BART DEELEY and
RAYMOND WALSH


BY_____
James N. Tallberg
Federal Bar No.: ct17849
Karsten & Dorman, LLC
29 South Main Street
West Hartford, CT 06107
Their Attorney
<u>jtallberg@karstendorman.com</u>

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 9th day of June, 2006, to the following counsel of record:

```
Howard S. Master, Esq.
Rachel Amankulor, Esq.
Wiggin and Dana, LLP
One Century Tower
P. O. Box 1832
New Haven, CT 06508
```

_____
James N. Tallberg