United States District Court
District of Connecticut
FILED AT
6/29/06
Kevin F. Rowe, Clerk
By: /s/ Candee
Deputy Clerk

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **JOSEPH J. BOOKLESS,** : | No. 3:03cv123 (WWE) |
| Plaintiff, : | |
| v. : | |
| **RANDY IRELAND, JERRY SCULLY,** : | |
| **BART DEELEY AND** | |
| **RAYMOND WALSH** : | |
| Defendants. : | |

## STANDARD CIVIL JURY INSTRUCTIONS

### GENERAL INTRODUCTORY REMARKS

Members of the Jury:

Now that you have heard all the evidence and all of the arguments of counsel, it becomes my duty to give you the instructions of the court as to the law applicable to this case. It is your duty as jurors to follow the law as I state it to you in these instructions and to apply that law to the facts as you find them from the evidence in the case. You are not to single out any one instruction that I give as stating the only law that is applicable to this case. You must consider and decide this case on the instructions as a whole.

You should understand your key role and ultimate responsibility for the decision in this case. As I told you when we first met, the essential purpose of a trial is to resolve issues of fact. The jury in a case such as this one decides those issues of fact.

1

You are the exclusive and sovereign judges of the facts the parties have disputed by the evidence and argument placed before you. In judging those facts, you should do so reasonably and fairly, by considering all the evidence. You should, of course, use your own good judgment and common sense.

My function at this stage is to review the issues to be decided and to outline for you the rules of law which you will apply to the facts as you find them. These rules, which govern all of us, state the principles to be applied by you in resolving the issues in this case and in conducting your deliberations. I remind you of your important and solemn responsibility as impartial judges of the facts. We count on you with confidence to follow your oath to decide objectively, without passion or sympathy, with cool and rational detachment.

You will realize the importance in our system of equality before the law. All parties come to court as equals in the sense of being entitled to the same benefits, and being held to the same responsibilities, under the law. The nature of the parties is of no consequence to your deliberations, one way or the other. All of the parties have a right to have this case decided fairly under the law.

## **MULTIPLE DEFENDANTS**

In this case, the plaintiff alleges various acts or omissions with regard to each of the defendants. The plaintiff has the burden of proving by a fair preponderance of the evidence with regard to each defendant that the individual defendant against whom these acts or omissions are alleged did in fact engage in such conduct and that these acts or omission violated the plaintiff's rights as alleged in the complaint.

2

## **EVIDENCE IN THIS CASE**

In performing your crucial responsibility of finding the facts, you must remember that the jury's deliberations are to rest solely and exclusively upon the evidence. Recall at this stage the things that are evidence and the things that are not evidence. The evidence consists of the sworn testimony of the witnesses you have heard and the exhibits that are now part of this record. Pleadings (Complaint and the Answer filed in response) are normally not to be considered as evidence, since they merely set forth the claims of the parties and you are the sole judges of the extent to which the evidence supports those claims.

## **STATEMENTS OF COUNSEL OR JUDGE**

Preferences or sympathies in relation to counsel should have no place in your decision and you must not be prejudiced by such. This is a search for truth, not a popularity contest. In making objections and arguments, however the rulings may have gone, these lawyers were doing their assigned jobs throughout. Any preferences as to counsel must be put aside in your deliberations.

Statements made by counsel in their closing remarks or in the asking of questions of witnesses do not constitute any evidence whatsoever in the case and should be disregarded by you as proof of any facts. You should attach no weight to inferences from questions, apart from the sense and meaning of the answers. It is the duty and the right of counsel to address you and explain the testimony to enable you better to understand the questions which you are to decide. However, if counsel inadvertently misstates the law or misstates the evidence, you will follow the law as

given to you by the court in these instructions and not as stated by counsel. Likewise, you will take the evidence detailed by the witnesses and shown by the documents introduced instead of the statements of counsel. However, this does not mean that you must disregard the statements of counsel. If such statements, in your judgment, are of assistance to you in refreshing your memory of the evidence or in evaluating that evidence, you are not compelled to ignore them. The accuracy and the appropriateness of counsel's statements are entirely for you to judge.

## BENCH CONFERENCES AND OBJECTIONS

During the course of this trial there have been occasions for the attorneys to confer with me out of your hearing. In the interest of justice and in order to expedite a trial, it is perfectly proper that such conferences be held here at the bench while the jury is out of the courtroom. It also serves to prevent the jury from being excused on technical legal matters. In such situations, you should not feel slighted. You are not to guess or predict what may have been discussed between the attorneys and myself up here at the bench. Furthermore, you should not resent the attorney who requested the bench conference.

There are rules that control what evidence is admitted into the record of a case. Testimony or exhibits are admitted into evidence when they are offered by a party in the course of the trial and either no objection is raised or, if an objection is raised, it is overruled. Objections are the procedure by which a judge is requested by a lawyer to decide if the Rules of Evidence permit a particular exhibit or testimony to be admitted into evidence. If the judge rules that the testimony or exhibit may not be admitted -- that is, the objection is sustained -- then that testimony or exhibit is not admitted into

evidence, or is stricken from the record, and may not be considered by the jury. Rules on admissibility are intended to present to the jury the most trustworthy, the most reliable, and the highest quality evidence. It is the duty of every attorney to object when another attorney offers evidence that the objecting attorney believes is not properly admissible. You should not show prejudice against any attorney or his client because that attorney has made objections.

If the court decides to permit the introduction of evidence over the objection of an attorney, this does not, unless expressly stated, indicate any opinion on my part as to the weight or effect of such evidence. As stated before, you are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence which you may properly use in reaching your verdict in this case.

One type of evidence is called direct evidence. Direct evidence is evidence presented by a witness who testified as to what that witness saw, heard, or observed. In other words, when a witness testifies about what is known to that witness by virtue of the witness's own senses -- what the witness sees, feels, touches, or hears -- that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. When we employ circumstantial evidence to reach a conclusion, we often say that we "infer" one fact from another or that we "draw an inference." There is a simple example of circumstantial evidence which is often used in this courthouse. Assume that when you came into the courthouse this morning the sun was shining and

it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Somebody else then walked in with a raincoat that also was dripping wet. Now, you cannot look outside of the courtroom, and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining. In other words, the fact of rain is an inference that can be drawn from the wet umbrella and raincoat.

That is all there is to circumstantial evidence. You take an established fact and conclude, on the basis of reason, experience, and common sense, that another fact exists or does not exist. Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence. In deciding whether to draw an inference, you must look at and consider all the facts in light of reason, common sense, and experience. After you have done that, the question whether to draw a particular inference is for you, the jury, to decide.

## **CREDIBILITY OF WITNESSES**

Now, the credibility of the witnesses who testified in this case and the weight to be accorded their testimony will be determined entirely by you.

No fact, of course, may be determined merely by the number of witnesses before you or the volume of the evidence. You are interested primarily in the quality of the testimony and evidence offered and not in its quantity.

There is no magic formula by which one may evaluate testimony. You bring with

you to this courtroom all of the experience and background of your lives. In your everyday affairs, you determine for yourselves the reliability or unreliability of statements made to you by others. The same tests that you use in your everyday dealings are the tests you should apply in your deliberations as jurors.

You should carefully scrutinize all the testimony, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, state of mind, and demeanor while on the stand. Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Consider also any possible bias which the witness might have, either for or against the plaintiff or for or against the defendant; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case. In short, you should test the evidence by your own knowledge of human nature and the motives that influence and control human beings.

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident may see or hear it differently. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it involves an important fact or only a small detail.

Where a witness testifies inaccurately and you do not think that the inaccuracy

was consciously dishonest, you should bear that in mind in scrutinizing the whole testimony of that witness. If, however, you conclude that a witness has not only testified falsely but has done so intentionally, this fact casts a very serious doubt on all of that witness's testimony, and you might well conclude that you cannot accept any of it.

The significance you attach to an inaccuracy may vary due to the particular fact at issue or the surrounding circumstances which, in your mind, should have impressed it upon the memory of the witness and caused a correct retention of it to be made.

A witness may be discredited or impeached by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something or has failed to say or do something which is inconsistent with the witness's present testimony. If you believe that any witness has been discredited or impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not impeached. You may decide, due to the witness's bearing and demeanor, or due to the inherent improbability of the witness's testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief. On the other hand, the testimony of a single witness may be sufficient to convince you of the existence of an essential element or elements of the claim made.

## TESTIMONY OF A MUNICIPAL POLICE OFFICER

The testimony of a municipal police officer is not entitled to any greater or lesser weight or believability merely because of the fact that he is a municipal police officer. In other words, you are to weigh the testimony of a municipal police officer just as you judge the testimony of any other witness.

## NUMBER OF WITNESSES IMMATERIAL

The weight of the evidence is not necessarily determined by the number of witnesses, or even one witness, testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses, or even one witness, as to any fact is more credible than the testimony of a larger number of witnesses to the contrary. You may, of course, reach the opposite conclusion.

## BURDEN OF PROOF

In civil actions, such as this one, the plaintiff bears the burden of proving each essential element of his claims by a preponderance of the evidence. I should point out that the burden of proof differs in civil cases from the burden of proof in criminal cases. In criminal cases, the burden of proof is proof beyond a reasonable doubt. That is not the standard here. In civil cases, the burden of proof is proof by a preponderance of the evidence.

To prove by a preponderance of the evidence means to prove that something is more likely true than not true. If one side proves a fact by a preponderance of the evidence, that means the evidence it has presented has more convincing force than the opposing evidence and produces in your minds a belief that what is sought to be proved

is more likely true than not true.

It might be helpful to imagine a pair of scales in equal balance. Imagine that you can put the plaintiff's evidence on one side of the scale and the defendant's' evidence on the other side of the scale. If the scales tip ever so slightly in favor of the plaintiff, then his evidence preponderates, and he has sustained his burden of proof. If the scales tip the other way, ever so slightly in favor of a defendant, then, obviously, the plaintiff has not sustained his burden of proof as to that defendant. Should you feel that the scales are evenly balanced, that neither party's evidence outweighs the other, then the plaintiff has failed to meet his burden of proving his case against the defendant under consideration by a preponderance of the evidence, and that defendant prevails.