```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

JOSEPH J. BOOKLESS,                  :    NO. 3:03CV123(WWE)
     Plaintiff,

vs.

RANDY IRELAND, JERRY SCULLY,
BART DEELEY AND RAYMOND WALSH,       :    JULY 18, 2006
     Defendants.
```

### DEFENDANTS' OBJECTION TO THE PLAINTIFF'S MOTION FOR REIMBURSEMENT IN PRO BONO CASE

Pursuant to Rule 83.10(f)(1) of the Local Rules of Civil Procedure, defendants Randy Ireland, Jerry Scully, Bart Deeley and Raymond Walsh, respectfully object to the plaintiff's Motion for Reimbursement, dated July 11, 2006, on the grounds that the expenses at issue were not authorized by the Court prior to being incurred. The basis for this objection is as follows:

1. Local Rule 83.10(f)(1) provides that "[t]he attorney appointed shall bear any expenses of the litigation (e.g. discovery expenses, subpoena fees, transcript expenses), unless the attorney has, prior to incurring such expenses, obtained an order from the court authorizing such expense." Loc.Civ.R. 83.10(f)(1).

2.   Plaintiff's counsel did not obtain an order approving payment *by the Court* of the reporter and deposition transcript costs in the amount of $4,174.43, or in any amount, prior to incurring those expenses.

3.   Plaintiff's counsel obtained permission from the Court to conduct the depositions at issue, but that approval was necessary because the discovery deadline had expired and the depositions would have otherwise been impermissible.  The plaintiff's request to conduct the depositions did not include a request that the Court pay for the expense of conducting the depositions.

4.   The plaintiff was not a prevailing party in this matter; instead, the jury returned a defendants' verdict.  Granting payment of the plaintiff's costs in the amount of $4,174.43 would run afoul Local Rule 83.10(f)(1) and would also be unfair to the defendants, who were the prevailing parties in this matter.

5.   Because plaintiff's counsel did not obtain approval for reimbursement by the Court prior to incurring the expenses

at issue, plaintiff's counsel must bear those expenses pursuant to Local Rule 83.10.

For all of the foregoing reasons, the defendants request that the Court deny the plaintiff's Motion for Reimbursement.

                                                DEFENDANTS, RANDY IRELAND,
                                                JERRY SCULLY, BART DEELEY and
                                                RAYMOND WALSH

                                          BY_____
                                            James N. Tallberg
                                            Federal Bar No.: ct17849
                                            Karsten & Dorman, LLC
                                            29 South Main Street
                                            West Hartford, CT 06107
                                            Their Attorney
                                            jtallberg@karstendorman.com

- 4 -

## **CERTIFICATION**

    This is to certify that a copy of the foregoing has been mailed, postage prepaid, this ___ day of July, 2006, to the following counsel of record:

Howard S. Master, Esq.
Rachel Amankulor, Esq.
Wiggin and Dana, LLP
One Century Tower
P. O. Box 1832
New Haven, CT 06508

                                                     _____
                                                     James N. Tallberg