```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT


JOSEPH J. BOOKLESS              :
                                :
     v.                         :   CIV. NO. 3:03CV123 (WWE)
                                :
RANDY IRELAND, JERRY SCULLY,    :
BART DEELEY and RAYMOND WALSH   :
```

<u>RULING ON PLAINTIFF'S MOTION FOR
REIMBURSEMENT IN PRO BONO CASE</u>

On July 11, 2006, plaintiff, through his court appointed counsel, filed a motion requesting the Court to approve reimbursement for court reporter and deposition expenses totaling $4,174.43. [Doc. #96]. Plaintiff makes this motion pursuant to Rule 83.10(f)-(g) of the Local Rules of Civil Procedure. For the following reasons, plaintiff's motion is **GRANTED.**

<u>BACKGROUND</u>

Originally, plaintiff filed the above action in State Court. The defendants removed the case to Federal Court, and on February 26, 2003, plaintiff, acting *pro se*, filed an amended complaint. On September 26, 2005, the Court granted plaintiff's motion for appointment of counsel. On December 6, 2005, Attorney Howard S. Master of Wiggin & Dana was appointed as plaintiff's *pro bono* counsel.

After entering his appearance, plaintiff's counsel requested that discovery be reopened for limited purposes. On December 12, 2006, the Court denied plaintiff's request to take additional depositions but stated that plaintiff could renew his request if

specific reasons for the depositions were identified. On February 23, 2006, plaintiff renewed his request to depose the defendants, as well as Officers Peter Bosco, Robert Allen, and Rick Smolicz. On February 28, 2006, the Court granted this motion.

The depositions of defendants Raymond Walsh and Randy Lee Ireland were conducted on February 9, 2006. DelVecchio Reporting Services ("DelVecchio") charged $1,825.32 for reporter and transcript fees for these depositions.[1] The deposition of defendant Bart Deeley was conducted on February 10, 2006. DelVecchio charged $1,099.03 for reporter and transcript fees for this deposition. Officers Bosco and Allen were deposed on March 29, 2006. DelVecchio charged $564.75 for reporter and transcript fees arising out of these depositions. Lastly, plaintiff's counsel deposed defendant Jeremiah J. Scully on March 30, 2006, and DelVecchio charged $685.33 for reporter and transcript fees.

All of these charges were paid by plaintiff's counsel's law firm. Plaintiff's counsel seeks reimbursement in the amount of $4,174.43.

DISCUSSION

A litigant proceeding *in forma pauperis* is not entitled to a transcript as a matter of right. Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994). "The

---

[1] Plaintiff's counsel stated that they ordered daily transcripts for the depositions of defendants Walsh and Ireland, as the deposition of defendant Deeley was scheduled for the next day.

statutory right to proceed in forma pauperis does not include the right to obtain copies of court orders, indictments, and transcripts of record, without payment therefor, for use in proposed or prospective litigation." Harless v. United States, 329 F.2d 397, 398-99 (5th Cir. 1964). Pursuant to 28 U.S.C. §753(f), such a litigant is entitled to a free transcript only where the request "is not frivolous (but represents a substantial question)". See Philippeaux v. North Central Bronx Hospital, No. 94 CIV. 3409, 1996 WL 167732 (S.D.N.Y. 1996); Jones v. Banks, NO. 92 C 8335, 1995 WL 654008 (W.D. Ill. Nov. 3, 1995), aff'd, 103 F.3d 133 (7th Cir. 1996); Kot v. Hackett, Civ. A. No. 92-5120, 1993 WL 432431 (E.D. Pa. Oct. 20, 1993).

Rule 80.10(f) of the Local Rules of Civil Procedure allows court appointed attorneys to seek reimbursement for expenses if "prior to incurring such expenses, [the attorney] has obtained an order from the Court authorizing such expense ...." Id. While Rule 80.10(f) requires the attorney to seek authorization prior to incurring expenses, the Court has interpreted Loc. R. Civ. P. 80.10(g) to allow court appointed attorneys to seek reimbursement after the expense is incurred. According to local practice, reimbursement is proper if the Court determines that the expense[s] was "just and proper". Id.

Applying these standards, the Court finds that plaintiff's request for reimbursement for reporting and transcript fees valid and reasonable. In order to properly prepare for trial, a plaintiff should have the opportunity to depose defendants and

potential witnesses. Plaintiff's counsel conducted depositions of the defendants and was able to narrow the number of witness depositions to two. Reimbursement to appointed counsel for this type of limited discovery is both just and proper.

CONCLUSION

Accordingly, plaintiff's motion for reimbursement is **GRANTED**. [Doc. #96]. Plaintiff's counsel shall submit the claim for payment to the *pro bono* fund.

ENTERED at Bridgeport this 15th day of September, 2006.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE